# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ITALDESIGN GIUGIARO S.P.A., § § *Petitioner*, § § v. § § DELOREAN MOTOR COMPANY, INC., § § *Respondent*. § | Civil Action No. _____ |

## PETITION FOR CONFIRMATION, RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARD

COMES NOW, Petitioner Italdesign Giugiaro S.p.A ("Italdesign" or "Petitioner") files this Petition for Confirmation, Recognition, and Enforcement of Foreign Arbitral Award against DeLorean Motor Company, Inc. ("DeLorean" or "Respondent"). In support thereof, Petitioner respectfully shows as follows:

### INTRODUCTION

1. This is an action to confirm a foreign arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 201, *et.*, *seq.* and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention").

2. Italdesign has prevailed in an international arbitration against DeLorean that was seated in London, England, captioned "*Italdesign Giugiaro S.p.A. v. DeLorean Motor Company, Inc., International Centre for Dispute Resolution Case No. 01-23-0001-9491*" (the "Arbitration").

3. On April 23, 2025, the sole arbitrator issued a Final Award in Italdesign's favor, finding DeLorean liable to Italdesign in the amount of €3,885,271.47 ($4,196,093.19 USD), plus interest at 7% per annum, and costs (the "Award"). **Exhibit 1**, Award.

4. Petitioner Italdesign therefore petitions this Court for entry of a judgment:

18088584

(i) confirming, recognizing and enforcing the April 23, 2025, Award rendered in the Arbitration;

(ii) entering judgment in Italdesign's favor against DeLorean in the amount of the Award with interest, attorney's fees, and costs; and

(iii) granting Italdesign such relief as the Court deems just and proper.

## PARTIES

5. Petitioner Italdesign Giugiaro S.p.A. is an Italian corporation with its principal place of business in Torino, Italy.

6. Respondent DeLorean is a Delaware corporation with its principal place of business located at 15203 Eddie Drive, Humble, Texas 77396-2550.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331 because the award is governed by the New York Convention. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties (*i.e.*, the suit is between a citizen of a foreign state (Italdesign) and a citizen of a State (DeLorean)).

8. This Court has personal jurisdiction over DeLorean because it maintains its principal place of business in Texas. As a citizen of Texas, DeLorean is subject to general jurisdiction in this District. Alternatively, the Court has specific jurisdiction over DeLorean because the claims asserted herein arise out of DeLorean's acts and/or omissions in Texas.

9. Venue is proper in this District under 28 U.S.C. § 1391 because DeLorean resides in this Judicial District.

18088584

## FACTUAL BACKGROUND

10. The underlying dispute between the parties arises out of a Master Project Agreement ("MPA") executed in July 2022. Under the MPA, Italdesign provided design, engineering, and development services related to a reimagined electric version of the DeLorean vehicle made famous by the "Back to the Future" movie franchise. The MPA encompassed six projects (A-F), including scale models, show cars, styling models, engineering pre-concept development, and event support.

11. Italdesign performed substantial work under the MPA, delivering and obtaining acceptance of deliverables under Projects A through D, and providing services under Projects E and F. Italdesign issued invoices totaling €3,885,271.47 for work performed. DeLorean made one partial payment of €514,128.53 but failed to pay the remaining balance.

12. When Italdesign demanded payment, DeLorean did not dispute the existence of the debt. Despite this, DeLorean failed to pay.

13. Article 23 of the MPA contains a binding arbitration clause requiring that any dispute arising out of or in connection with the agreement be resolved by arbitration under the ICDR Rules, with English law governing the dispute.

14. The Arbitration was conducted in London, England. Both parties participated fully and raised no objection to jurisdiction. On April 23, 2025, the sole arbitrator issued the Award, finding that DeLorean admitted the full debt and ordering it to pay Petitioner €3,885,271.47 ($4,196,093.19) plus simple interest at 7% per annum from the 31st day after each invoice, as well as £291,873.60 (approximately $364,842.00) in legal costs, $63,907.30 in arbitration costs, and £4,732.27 (approximately $5,915.34) in disbursements, with interest at 7% per annum compounded monthly until payment. **Exhibit 1**, Award at 60.

18088584

## CLAIM FOR RELIEF

### Confirmation of Foreign Arbitral Award (9 U.S.C. §§ 9, 207)

15. Petitioner repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

16. As noted, the Award is the result of an arbitration between Italdesign and DeLorean covered by the New York Convention. Italdesign and DeLorean are legal entities of countries that are parties to the Convention, Italy and the United States, respectively. In addition, the Final Award was rendered in a country that is a signatory to the Convention, the United Kingdom.

17. The United States implemented the Convention pursuant to chapter 2 of Title 9 of the U.S. Code. *See* 9 U.S.C. § 201, *et seq*. Section 207 of that Chapter provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

*Id.* § 207.

18. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the New York Convention are generally "summary in nature." *Kora Pack Private Ltd. v. Motivating Graphics LLC*, 684 F. Supp. 3d 536, 545 (N.D. Tex. 2023). This Court must confirm the Award unless it finds one of the limited grounds for refusal or deferral specified in the Convention. *See OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, No. CV H-09-891, 2017 WL 4351758, at *3 (S.D. Tex. Oct. 2, 2017), aff'd, 957 F.3d 487 (5th Cir. 2020) ("the court *must* enforce the award unless one of the grounds enumerated in Article V is present") (emphasis in original) (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 287 (5th Cir. 2004)).

19. "The showing required to avoid summary confirmation is high, and the burden of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation." *Kora Pack*, 684 F. Supp. 3d at 545 (internal quotations omitted).

20. No ground barring enforcement exists here.

21. DeLorean has failed to satisfy the Award. To Italdesign's knowledge, DeLorean has not sought to vacate the Award in any jurisdiction.

22. Italdesign is therefore entitled to immediate confirmation, recognition and enforcement of the Award under the New York Convention and respectfully requests that the Court enter judgment against DeLorean in the amount of the Award, with interest, costs, and attorney's fees as required by the Award.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

(a) Confirm the Final Award issued on April 23, 2025, in ICDR Case No. 01-23-0001-9491;

(b) Enter judgment in favor of Petitioner and against DeLorean in the amount of $4,196,093.19, (€3,885,271.47), plus interest at 7% per annum from the 31st day after each invoice until payment;

(c) Award Petitioner $364,842.00 (£291,873.60) in legal costs, $63,907.30 in arbitration costs, and $5,915.34 (£4,732.27) in disbursements, plus interest at 7% per annum compounded monthly until payment;

(d) Grant such other and further relief as the Court deems just and proper.

Date:  January 2, 2026.

                                      Respectfully submitted,

                                By: */s/ Ray T. Torgerson*
                                      Ray T. Torgerson
                                      *Attorney-in-Charge*
                                      Texas Bar No. 24003067
                                      SDTX ID: 22846
                                      Derek V. Forinash
                                      Texas Bar No. 24038905
                                      SDTX ID: 2973069
                                      Elliott J. Deese
                                      Texas Bar. No. 24121423
                                      SDTX ID: 3723396
                                      **PORTER HEDGES LLP**
                                      1000 Main, 36th Floor
                                      Houston, Texas 77002
                                      (713) 226-6650 - telephone
                                      (713) 226-6250 - facsimile
                                      rtorgerson@porterhedges.com
                                      dforinash@porterhedges.com
                                      edeese@porterhedges.com

                                      *Attorneys for Petitioner Italdesign Giugiaro S.p.A*

18088584