# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **ITALDESIGN GIUGIARO S.P.A.,** | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:26-cv-00013** |
| **DELOREAN MOTOR COMPANY, INC.,** | § | |
| | § | |
| *Respondent* | § | |
| | § | |

## RESPONDENT, DELORIAN MOTOR COMPANY, INC.'S
## MOTION TO DISMISS FOR IMPROPER VENUE

Respectfully submitted,

February 17, 2026

**GREALISH MCZEAL, P.C.**

By: */s/ Marcellous S. McZeal*

Marcellous S. McZeal
U. S. Southern Dist. of Tex. Adm. No.: 21271
U. S. Supreme Court Admission No.: 306368
State Bar of Texas #: 00798368
E-Mail: mmczeal@grealishmczeal.com
700 Louisiana St., 41st  Floor
Houston, Texas 77002
(713) 255-3234 – Telephone
(713) 783-2502 – Facsimile

*Attorney for Respondent DeLorean Motor Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 17, 2026 Respondent served a copy of the foregoing PURSUANT TO FED. R. CIV. P. 26(a)(1) upon counsel of record for Petitioner as identified below.

<u>/s/ *Marcellous S. McZeal*</u>
Marcellous S. McZeal

**ITALDESIGN GIUGIARO S.P.A.**
*Email: rtorgerson@porterhedges.com*
Ray T. Torgerson
*Email: dforinash@porterhedges.com*
Derek V. Forinash
*Email: edeese@porterhedges.com*
Elliott J. Deese
**PORTER HEDGES LLP**
1000 Main, 36th Floor
Houston, Texas 77002

*Attorneys for Petitioner Italdesign Giugiaro S.P.A.*

2

**COMES NOW**, Respondent, DELOREAN MOTOR COMPANY, INC. a Delaware corporation, ("Respondent") by and through the undersigned counsel, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, moves to dismiss this action for improper venue, and in support states:

1.      Petitioner filed this petition in the United States District Court for the Southern District of Texas (Houston Division), even though Respondent is a Delaware corporation and has no ties to Houston and the events giving rise to the claim did not occur in Houston.  At all times relevant to the arbitration and the claims made by this Petitioner, Respondent maintained its principal place of business in San Antonio, Bexar County, Texas.

2.      At all times material hereto, Respondent, did not own property, maintain an office, employ personnel, or conduct regular or systematic business in Harris County, Texas.

3.      None of the substantial events or omissions giving rise to this action occurred in the Southern District of Texas.  Instead, any actions which give rise to this action which did take place in Texas only occurred in San Antonio, Bexar County Texas.

4.      Petitioner nevertheless filed this action in this District and Division, which has no meaningful connection to the parties or the underlying dispute.

5.      A defendant may move to dismiss an action for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

6.      Under 28 U.S.C. § 1391(b), a civil action may be brought only in:

   **a.**      A judicial district in which any defendant resides, if all defendants
            are residents of the State in which the district is located;

3

**b.** A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

**c.** If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction.

7. The plaintiff bears the burden of establishing that venue is proper once it is challenged. If venue is improper, the court must dismiss the case or, in the interest of justice, transfer it to a district where it could have been brought. See 28 U.S.C. § 1406(a).

8. Venue is also improper because a "substantial part of the events or omissions giving rise to the claim" did not occur in this District.

9. The factual allegations in the Complaint relate to conduct that occurred, if at all, in or near San Antonio, Texas, including Respondent's alleged contract negotiations, performance, and communications.

10. Petitioner does not allege any substantial conduct, transaction, or omission by Respondent occurring in Houston or within the Southern District of Texas that would satisfy § 1391(b)(2).

11. The mere fact that Petitioner chose Houston as a forum, without any substantial events occurring here and without Respondent's presence here, is insufficient to make this District a proper venue.

12. Because venue is improper in this Court, dismissal under Rule 12(b)(3) is warranted. See 28 U.S.C. § 1406(a).

13. In the alternative, if the Court determines that transfer rather than dismissal is more appropriate, Respondent requests that this case be transferred to the United States District Court

for the Western District of Texas, [San Antonio Division], where venue would be proper and convenient for the parties and witnesses.

**WHEREFORE**, Respondent, respectfully requests this Court Grant this Motion and Dismiss Petitioner's Petition without prejudice or in the alternative transfer this action to the United States District Court for the Western District of Texas (San Antonio) with Petitioner bearing all transfer costs and grant such other and further relief as the Court deems just and proper.