# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ITALDESIGN GIUGIARO S.P.A.,** | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:26-cv-00013** |
| **DELOREAN MOTOR COMPANY, INC.,** | § | |
| | § | |
| *Respondent* | § | |
| | § | |

---

### RESPONDENT, DELORIAN MOTOR COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

---

February 17, 2026

Respectfully submitted,

**GREALISH MCZEAL, P.C.**

By: */s/ Marcellous S. McZeal*
Marcellous S. McZeal
U. S. Southern Dist. of Tex. Adm. No.: 21271
U. S. Supreme Court Admission No.: 306368
State Bar of Texas #: 00798368
E-Mail: mmczeal@grealishmczeal.com
700 Louisiana St., 41st Floor
Houston, Texas 77002
(713) 255-3234 – Telephone
(713) 783-2502 – Facsimile

*Attorney for Respondent DeLorean Motor Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2026 Respondent served a copy of the foregoing PURSUANT TO FED. R. CIV. P. 26(a)(1) upon counsel of record for Petitioner as identified below.

/s/ *Marcellous S. McZeal*
Marcellous S. McZeal


**ITALDESIGN GIUGIARO S.P.A.**
*Email: rtorgerson@porterhedges.com*
Ray T. Torgerson
*Email: dforinash@porterhedges.com*
Derek V. Forinash
*Email: edeese@porterhedges.com*
Elliott J. Deese
**PORTER HEDGES LLP**
1000 Main, 36th Floor
Houston, Texas 77002

*Attorneys for Petitioner Italdesign Giugiaro S.P.A.*

**COMES NOW**, DELOREAN MOTOR COMPANY, INC. a Delaware Corporation, ("Respondent"), by and through the undersigned counsel, hereby files Respondent's Answer and Affirmative Defenses to Petitioner, ITALDESIGN GIUGIARO S.P.A., Petition for Confirmation, Recognition and Enforcement of Foreign Arbitral Award and states as follows:

**Introductory statement**

1. Petitioner seeks recognition and enforcement of a purported foreign arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–208.

2. As set forth below as an affirmative defense, Respondent denies that the Award is entitled to confirmation because one or more of the limited, enumerated defenses under Article V of the New York Convention and applicable provisions of the FAA are present, and the Petition should be denied.

**<u>Respondent's Responses to Petitioner's Allegations by Paragraph</u>**

1. Respondent admits the allegation for jurisdictional purposes only.

2. Admitted that the arbitration occurred, denied as to the remainder of the allegations.

3. Admitted.

4. Denied.

5. Admitted.

6. Denied.

7. Respondent admits the allegation for jurisdictional purposes only.

8. Denied.

9. Denied.

10. Admitted.

11. Denied.

12. Denied.

13. Admitted.

14. Admitted.

15. Respondent incorporates 1-14.

16. Respondent admits the allegation for jurisdictional purposes only.

17. Admitted that the allegation is an accurate statement of the law.

18. Without knowledge, Denied.

19. Without knowledge, Denied.

20. Denied.

21. Admitted.

22. Denied.

## **AFFIRMATIVE DEFENSES**

Respondent alleges the following affirmative defenses:

### **First Affirmative Defense**

Respondent alleges that recognition and enforcement of the foreign arbitral award should be refused pursuant to Article V(2)(b) of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), as implemented at 9 U.S.C. §§ 201–208. The Award, on its face and as sought to be enforced in this proceeding, requires Respondent to pay for goods that were never delivered and/or for performance that Petitioner indisputably failed to

render. Enforcement of an award that compels payment for non-delivered goods would confer a pure windfall on Petitioner, effectuate unjust enrichment, and transform the Award into a penalty divorced from any actual loss, rather than a compensatory adjudication of contractual rights.

**Second Affirmative Defense**

Petitioner has not carried its burden to establish personal jurisdiction over Respondent, and the Petition must be dismissed.

**WHEREFORE**, Respondent, DELORAN MOTOR COMPANY, INC., a Delaware Corporation, respectfully requests that the Court deny Petitioner's Petition and grant such other and further relief the Court deems just and proper.