**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ITALDESIGN GIUGIARO S.P.A., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:26-cv-00013 |
| DELOREAN MOTOR COMPANY, INC., | § | |
| | § | |
| *Respondent*. | § | |

**PETITIONER'S RESPONSE IN OPPOSITION TO RESPONDENT'S**
**<u>MOTION TO DISMISS FOR IMPROPER VENUE</u>**

18187524v7

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

APPLICABLE LEGAL STANDARDS ............................................................................. 3

    A.    Motion to dismiss for improper venue .................................................................. 3

    B.    Motion to transfer for convenience ....................................................................... 3

ARGUMENTS AND AUTHORITIES ............................................................................... 4

    A.    DeLorean's Motion to Dismiss for improper venue should be denied ............................. 4

        1.    DeLorean has extensive ties to the Houston, Texas area ........................................... 4

    B.    DeLorean is not entitled to transfer to the Western District because it cannot show the district is clearly more convenient ....................................................................... 7

    C.    In the alternative, Italdesign seeks leave to conduct limited venue discovery ................... 8

PRAYER FOR RELIEF ..................................................................................................... 8

18187524v7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Braspetro Oil Services Co. v. Modec (USA), Inc.*,
  240 Fed. Appx. 612 (5th Cir. 2007)................................................................3

*In re Chamber of Com. of United States of Am.*,
  105 F.4th 297 (5th Cir. 2024) ........................................................................4

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) .......................................................................4, 7

*Delta Elecs., Inc. v. Vicor Corp.*,
  724 F. Supp. 3d 645 (W.D. Tex. 2024)..........................................................8

*Luv N' Care, Ltd. v. Insta–Mix, Inc.*,
  438 F.3d 465 (5th Cir. 2006) .........................................................................3

*McCaskey v. Cont'l Airlines, Inc.*,
  133 F. Supp. 2d 514 (S.D. Tex. 2001) ........................................................3, 7

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ..........................................................................3

*Quest NetTech Corp. v. Apple, Inc.*,
  No. 2:19-cv-118, 2019 WL 6344267 (E.D. Tex. Nov. 27, 2019)...............4

*Sun Packing, Inc. v. XenaCare Holdings, Inc.*,
  924 F. Supp. 2d 749 (S.D. Tex. 2012) ...........................................................1

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) .........................................................................4

**Statutes**

28 U.S.C. §1391................................................................................................2

Tex. Tax Code § 171.251..................................................................................1

Tex. Tax Code § 171.255..................................................................................1

**Other Authorities**

FED. R. CIV. P. 12(b)(3).....................................................................................3

18187524v7

**INTRODUCTION**

Petitioner Italdesign Giugiaro S.p.A ("Italdesign" or "Petitioner") files this Response in Opposition to Respondent DeLorean Motor Company, Inc.'s Motion to Dismiss for Improper Venue and Motion to Transfer [ECF 7] ("Motion"). In support thereof, Petitioner respectfully shows as follows:

This is an administrative proceeding to enforce an arbitration award rendered in London, England against Respondent Delorean Motor Company Inc. ("DeLorean" or "Respondent"). DeLorean moves to dismiss for improper venue based on conduct it alleges may have occurred in San Antonio. In the alternative, DeLorean seeks transfer to the Western District of Texas based on those purported San Antonio ties. While it appears to have since been remedied, at the time the Motion was filed, DeLorean had lost its right to sue or defend itself in Texas courts by forfeiting its franchise tax charter.[1]

As a threshold matter, DeLorean did not support its claim of improper venue with any evidence whatsoever and thus fails to meet its initial burden to contest Plaintiff's choice of venue. It does not attach any exhibits, much less sworn testimony, in support of its Motion. And as the public record shows, DeLorean and the cluster of related entities tied to the DeLorean brand have maintained extensive ties to the Houston area:

---

[1] "The effect of a forfeiture under § 171.251 is that: (1) the corporation shall be denied the right to sue or defend in a court of this state; and (2) each director or officer of the corporation is liable for a debt of the corporation as provided by § 171.255 of this code." *Sun Packing, Inc. v. XenaCare Holdings, Inc.*, 924 F. Supp. 2d 749, 754 (S.D. Tex. 2012).

18187524v7



**Exhibit 1**, Google Printout.

As for DeLorean's request for discretionary transfer based on convenience, DeLorean's San Antonio offices were abandoned long ago.[2] Counsel for DeLorean admitted as much during the parties' meet-and-confer call. Thus, DeLorean seeks transfer to a district where it admittedly maintains no business presence at all. DeLorean has also failed to point to any witnesses or evidence located in the Western District that would tip the balance of the convenience factors in its favor. DeLorean has not shown that the Western District of Texas is "clearly more convenient," as the Fifth Circuit requires.

DeLorean is not entitled to dismissal for improper venue, nor has it shown that the Western District of Texas is "clearly" more convenient under 28 U.S.C. § 1391 in a district where it

---

[2]  **Exhibit 2**, https://www.sacurrent.com/news/san-antonio-based-delorean-motors-reimagined-has-shuttered-its-headquarters-34358663/.

2

admittedly has no business presence. Accordingly, DeLorean's Motion should be denied in its entirety.

**APPLICABLE LEGAL STANDARDS**

### A. Motion to dismiss for improper venue.

After a defendant meets his initial burden to contest the allegations supporting venue, the plaintiff has the burden to prove that venue is proper. *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). Plaintiffs need not exhaustively prove that venue is appropriate but only need to make a prima facie showing. *Id*; *see also Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (using this same test for personal jurisdiction). A court should accept undisputed facts in a plaintiff's pleadings as true and resolve factual conflicts in the plaintiff's favor. *McCaskey,* 133 F. Supp. 2d at 523.

Under the Federal Rules of Civil Procedure, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(1)–(2). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed. Appx. 612, 615 (5th Cir. 2007).

### B. Motion to transfer for convenience.

"[T]he decision of whether to transfer a case is committed to the district court's discretion. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 629 (5th Cir. 2022) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'").

3

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen*, 545 F.3d at 315. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. This is because "the Court must give some weight to the plaintiffs' choice of forum." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 302 (5th Cir. 2024) (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013)). While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at \*7 (E.D. Tex. Nov. 27, 2019). In addition, the "movant must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—*i.e.*, clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *In re Clarke*, 94 F.4th 502, 503 (5th Cir. 2024).

**ARGUMENTS AND AUTHORITIES**

**A. DeLorean's Motion to Dismiss for improper venue should be denied.**

**1. DeLorean has extensive ties to the Houston, Texas area.**

DeLorean's assertion that it "no ties to Houston" is wrong. DeLorean's sister company and alter ego, DeLorean Motor Company, a Texas corporation, maintains an office located in Humble, Texas, and its efforts to profit from the DeLorean name have been highly publicized. **Exhibit 3**, News Articles. DeLorean makes clear on its social media that its headquarters is located in Humble, Texas:[3]

---

[3] **Exhibit 3**, https://www.linkedin.com/company/delorean-motor-company/.

18187524v7





**Exhibit 4**, Instagram Posts. On the same DeLorean's Instagram account shown above, there are posts highlighting the work done with Italdesign:



*See* Ex. 4 at p. 2. Moreover, after this proceeding was filed, the Houston Chronicle picked up the story and noted DeLorean's Humble, Texas headquarters. **Exhibit 5**, Chronicle Article. Plainly, DeLorean and its affiliated companies maintain substantial business activities in this District.

In its Motion, DeLorean merely speculates that "any actions which give rise to this action which did take place in Texas only occurred in San Antonio, Bexar County Texas." Motion at ¶ 3. However, DeLorean fails to provide any evidence to support this assertion, nor does it even point to any specific "actions" that took place in San Antonio. Notably, while DeLorean contends that the Western District of Texas would be "convenient" for the parties and witnesses, it does not claim to have a current presence in San Antonio. Instead, the public record reveals that, while some DeLorean affiliated entity formerly officed there, that office closed years ago. *See* Ex. 2.

To confirm that DeLorean has no current presence in San Antonio or Bexar County, undersigned counsel for Petitioner retained a process server to verify that DeLorean has no active business address in San Antonio. *See* **Exhibit 6**, Declaration of Saddi Frazier, the process server who personally visited the 102 9th Street address on March 6, 2026, where building staff confirmed

6

that DeLorean Motor Company, Inc. had vacated the suite well before July 2024 and no longer conducted any business there. *See id*. The process server observed that the former suite was locked, unattended, and appeared to be used only for storage. *See id*.

The same is true for the second location formerly associated with DeLorean and/or its affiliates. Mr. Bernardo also visited 907 Billy Mitchell Blvd., Suite 101, within Port San Antonio. *See id*. He confirmed that DeLorean Motor Company, Inc. does not occupy Suite 101 or any other suite in that facility. *Id.* Thus, despite contesting venue in this District and suggesting venue would be proper in the Western District, DeLorean maintains **no business presence in San Antonio at all**. Having offered no evidence of an active location there, and with Italdesign proffering evidence showing that neither address is valid, DeLorean has not met its burden to show venue is improper in the Southern District of Texas. *See McCaskey*, 133 F. Supp. 2d at 522 (denying motion to dismiss or transfer for improper venue where respondent "failed to carry its initial burden" of improper venue).

### B. DeLorean is not entitled to transfer to the Western District because it cannot show the district is clearly more convenient.

Transfer is not warranted here because DeLorean has failed to meet its burden to show that a transfer to the Western District of Texas would be "clearly more convenient" for the parties and witnesses. *In re Clarke*, 94 F.4th at 508 ("[a]t a minimum, 'good cause' requires the movant to 'clearly demonstrate' that its chosen venue is 'clearly more convenient,' not 'more likely than not to be more convenient.'") (quoting *Volkswagen*, 545 F.3d at 315)).

DeLorean does not attach any evidence to its Motion, nor does it identify any witnesses documents, or operative facts located there. Instead, DeLorean merely states that "any actions which did take place in Texas only occurred in San Antonio, Bexar County Texas." ECF 7 at ¶ 3. This does not explain what occurred in San Antonio or DeLorean's purported ties to San Antonio.

18187524v7

Under Fifth Circuit precedent, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* DeLorean has failed to show that San Antonio is "clearly more convenient" and therefore deference should be given to the venue chosen by Italdesign. Because venue is proper in the Southern District of Texas, and because there is no factual or legal basis for dismissal or transfer, the Court should deny the DeLorean's alternative request for a transfer to the Western District of Texas.

**C. In the alternative, Italdesign seeks leave to conduct limited venue discovery.**

If the Court is inclined to grant any part of the Motion, Italdesign respectfully requests leave to conduct targeted venue discovery to uncover facts uniquely within DeLorean's possession regarding its Texas-based operations. Such information is not publicly available and cannot be obtained without discovery. Courts routinely permit venue discovery where, as here, the defendant challenges venue and the plaintiff demonstrates that relevant jurisdictional facts lie exclusively with the defendant. *See*, e.g., *Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 656 (W.D. Tex. 2024) ("The Court finds that a more satisfactory showing of the venue-related facts is necessary; limited venue discovery would be helpful for the Court to rule on [the defendant's] motion to dismiss"). At that point, Italdesign could replead if necessary.

Accordingly, if the Motion is not denied outright as it should be, Italdesign respectfully asks that the Court authorize limited venue discovery before ruling on Defendant's Motion.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court deny Respondent's Motion to Dismiss and for any such and further relief as the Court deems just and proper.

Date: March 10, 2026.

8

Respectfully submitted,

By: */s/ Ray T. Torgerson*
    Ray T. Torgerson
    *Attorney-in-Charge*
    Texas Bar No. 24003067
    SDTX ID: 22846
    Derek V. Forinash
    Texas Bar No. 24038905
    SDTX ID: 2973069
    Elliott J. Deese
    Texas Bar. No. 24121423
    SDTX ID: 3723396
    **PORTER HEDGES LLP**
    1000 Main, 36th Floor
    Houston, Texas 77002
    (713) 226-6650 - telephone
    (713) 226-6250 - facsimile
    rtorgerson@porterhedges.com
    dforinash@porterhedges.com
    edeese@porterhedges.com

    *Attorneys for Petitioner Italdesign*
    *Giugiaro S.p.A*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the forgoing was served pursuant to Fed. R. Civ. P. 26(a)(1) to the following on this 10th day of March, 2026.

Marcellous S. McZeal
mmczeal@grealishmczeal.com
Grealish McZeal, P.C.
700 Louisiana St., 41st Floor
Houston, Texas 77002
Telephone: (713) 255-3234
Facsimile: (713) 783-2502

    */s/ Elliott J. Deese*
    Elliott J. Deese

18187524v7