**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ITALDESIGN GIUGIARO S.P.A., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:26-cv-00013 |
| DELOREAN MOTOR COMPANY, INC., | § | |
| | § | |
| *Respondent*. | § | |

**PETITIONER ITALDESIGN GIUGIARO S.P.A.'S
MOTION TO CONFIRM THE ARBITRAL AWARD
<u>AND FOR ENTRY OF FINAL JUDGMENT</u>**

Respectfully submitted,


By: */s/ Elliott J. Deese*

    Ray T. Torgerson
    *Attorney-in-Charge*
    Texas Bar No. 24003067
    SDTX ID: 22846
    Elliott J. Deese
    Texas Bar. No. 24121423
    SDTX ID: 3723396
    **PORTER HEDGES LLP**
    1000 Main, 36th Floor
    Houston, Texas 77002
    (713) 226-6650 - telephone
    (713) 226-6250 - facsimile
    rtorgerson@porterhedges.com
    edeese@porterhedges.com

    *Attorneys for Petitioner Italdesign
    Giugiaro S.p.A*

18418948v2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served to all counsel of record on this 22nd day of May, 2026 via ECF.

*/s/ Elliott J. Deese*
Elliott J. Deese

2

18418948v2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 2

APPLICABLE LEGAL STANDARD ...................................................................................... 4

ARGUMENTS AND AUTHORITIES ..................................................................................... 5

    A.   None of the defenses available under the New York Convention apply here to prevent confirmation ...................................................................................................................... 5

    B.   Delorean's Venue Challenge Fails.................................................................................. 6

    III.   Currency Conversion from Euros and British Pounds.................................................... 7

CONCLUSION........................................................................................................................ 7

18418948v2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Clarke*,
94 F.4th 502 (5th Cir. 2024) ...................................................................................6

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*,
364 F.3d 274 (5th Cir. 2004) ...............................................................................4, 5

*Kora Pack Private Ltd. v. Motivating Graphics LLC*,
684 F. Supp. 3d 536 (N.D. Tex. 2023) ................................................................4, 5

*OJSC Ukrnafta v. Carpatsky Petroleum Corp.*,
No. CV H-09-891, 2017 WL 4351758 (S.D. Tex. Oct. 2, 2017), *aff'd*, 957
F.3d 487 (5th Cir. 2020) ..........................................................................................4

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ...................................................................................6

**Statutes**

9 U.S.C. § 207 ...................................................................................................1, 4, 5

28 U.S.C. § 1404(a) .......................................................................................................6

Federal Arbitration Act Chapter 2, 9 U.S.C. §§ 201–208 .......................................1, 4

ii

Petitioner Italdesign Giugiaro S.p.A. ("Italdesign" or "Petitioner") respectfully files this Motion to Confirm the Arbitral Award and for Entry of a Final Judgment (1) confirming, enforcing, and domesticating the Final Award dated April 23, 2025, in International Centre for Dispute Resolution Case No. 01-23-0001-9491, London, England, United Kingdom (the "Award"), and (2) awarding damages and costs to Italdesign, and against Respondent DeLorean Motor Company, Inc. ("DeLorean" or "Respondent"), consistent with the Award ("Motion").  In support, Petitioner states as follows:

## INTRODUCTION

This Motion presents a straightforward case for confirmation of an arbitral award rendered in the United Kingdom under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention") and Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–208.  On April 23, 2025, following extensive proceedings before the International Centre for Dispute Resolution ("ICDR"), the sole arbitrator issued the  Award in Italdesign's favor, finding DeLorean liable to Italdesign in the principal amount of €3,885,271.47, plus simple interest at 7% per annum from the 31st day after the date of each invoice until payment, plus legal costs of £291,873.60, arbitration costs of $63,907.30, and disbursements of £4,732.27, with interest on costs at 7% per annum compounded monthly until payment. **Exhibit 1**, Award.

Confirmation of the Award is mandatory. Under the New York Convention and the FAA, this Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. No such grounds exist here. DeLorean has not raised any substantive challenge to the Award on the merits, and no such defense could succeed. The Court should therefore confirm the Award, enter

1

a final judgment in Italdesign's favor, and award damages, costs, and interest to Italdesign consistent with the Award.

## BACKGROUND

In January 2022, DeLorean engaged Italdesign to design, engineer, develop, and construct low-speed show-car models and the related engineering pre-concept phase of a new, electric version of the DeLorean car. Ex. 1, Final Award at 2 (¶ 1). On July 19, 2022, the parties executed a formal Master Project Agreement (the "MPA"). *Id.* The MPA encompassed six projects (A through F), including scale models, show cars, styling models, engineering pre-concept development, and event support. *Id.*

Article 23 of the MPA contains a binding arbitration clause providing that any dispute arising out of or in connection with the agreement shall be "exclusively settled by arbitration in the English language before one arbitrator under the administration of the International Centre for Dispute Resolution, and according to its International Arbitration Rules," with the seat of arbitration in England and the place of hearing in London. *Id.* at 2-3 (¶ 2 & n.1). Article 23.1 provides that the MPA is governed by the law of England and Wales. *Id.* at 2 (n.1). Critically, the MPA further provides that "[a]wards of the arbitral panel will be enforceable in any court having jurisdiction, and each Party hereby submits to the personal jurisdiction of any court reasonably chosen by the enforcing Party for such purposes." *Id.*

As set forth in the Award, Italdesign performed substantial work under the MPA, delivering and obtaining acceptance of deliverables under Projects A through D and providing services under Projects E and F. *Id.* at 3-4 (¶¶ 4-10). DeLorean signed Acceptance Reports for Projects A through D on August 8, 2022, and subsequently unveiled the vehicles at the Concours d'Elegance event at Pebble Beach, California on August 21, 2022. *Id.* at 3-4 (¶¶ 5-8). Between February 2022 and

2

continuing through September 2022, Italdesign issued a series of invoices totaling €4,.465.400,00 for work performed under the MPA. *Id.* at 4 (¶ 11). DeLorean made one partial payment of €514,128.53 but failed to pay the remaining balance of €3,885,271.47. *Id.* at 35 (¶ 124). When Italdesign demanded payment, DeLorean did not dispute the existence of the debt. *Id.*

On April 28, 2023, Italdesign filed a Notice of Arbitration with the ICDR. *Id.* On October 25, 2023, the ICDR confirmed the appointment of Ms. Angharad Parry KC as sole arbitrator. Both parties participated fully in the proceedings, which included multiple rounds of written submissions, document production, and two hearings—a virtual early disposition hearing on June 4, 2024, and a quantum hearing on January 22–23, 2025. *Id.* Both parties were represented by counsel throughout and raised no objection to the arbitrator's jurisdiction. Both parties confirmed at the conclusion of the early disposition hearing that they were satisfied with the conduct of the proceedings and had no objections to raise. *Id.*

On April 23, 2025, the sole arbitrator issued the Final Award. *Id.* The Tribunal found as a fact that DeLorean had admitted the entire debt owing to Italdesign. *Id.* Contemporaneous correspondence demonstrated that DeLorean repeatedly admitted in writing its liability for the debt and repeatedly indicated an intention to pay said debt "in full." *Id.* The Tribunal found that Italdesign met the requisite standard of proof—the standard English civil standard of balance of probabilities—and indeed exceeded "the threshold of proof by a considerable margin." *Id.*

The Tribunal further found that DeLorean's defenses were without merit. *Id.* During the early disposition phase, the Tribunal found that DeLorean's defense of duress and/or coercion in signing the MPA was "manifestly hopeless as a matter of English law," its defense of misrepresentation was "manifestly meritless, frivolous or hopeless," and that its alleged breaches of the MPA by Italdesign could not relieve DeLorean of its payment obligations because DeLorean

3

had advanced no counterclaim and pleaded no set-off. *Id.* DeLorean subsequently abandoned these defenses at the quantum stage and did not pursue them further. *Id.*

In the Award, the Arbitrator ordered DeLorean to pay Italdesign: (i) €3,885,271.47 in satisfaction of the debt; (ii) simple interest at 7% per annum starting from the 31st day after the date of each invoice until payment; (iii) £291,873.60 in legal costs; (iv) US$63,907.30 in arbitration costs; (v) £4,732.27 in disbursements; and (vi) interest on costs at 7% per annum compounded monthly until payment in full. *Id.* The arbitrator certified that, for purposes of Article I of the New York Convention, the Final Award was made in London, England. *Id.* To date, DeLorean has failed to satisfy the Award, and to Italdesign's knowledge, DeLorean has not attempted to vacate the Award in any jurisdiction. **Exhibit 3**, Declaration of E. Franco ¶ 5.

## APPLICABLE LEGAL STANDARD

The New York Convention, to which the United States is a signatory, provides for the recognition and enforcement of foreign arbitral awards. The United States implemented the Convention through Chapter 2 of the FAA, 9 U.S.C. §§ 201–208. Section 207 of the FAA provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207. This language is mandatory, and in keeping with the strong federal policy favoring arbitration, confirmation proceedings under the New York Convention are "summary in nature." *Kora Pack Private Ltd. v. Motivating Graphics LLC*, 684 F. Supp. 3d 536, 545 (N.D. Tex. 2023). This Court "must enforce the award unless one of the grounds enumerated in Article V is present." *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, No. CV H-09-891, 2017 WL 4351758, at *3 (S.D. Tex. Oct. 2, 2017), *aff'd*, 957 F.3d 487 (5th Cir. 2020) (emphasis in original) (citing *Karaha Bodas*

4

*Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 287 (5th Cir. 2004)). "The showing required to avoid summary confirmation is high, and the burden of establishing the requisite factual predicate to deny confirmation of an arbitral award rests with the party resisting confirmation." *Kora Pack*, 684 F. Supp. 3d at 545 (internal quotations omitted).

## ARGUMENTS AND AUTHORITIES

The Award here falls squarely within the New York Convention and should be confirmed. Both Italdesign and DeLorean are legal entities of countries that are parties to the Convention, and the Award was rendered in the United Kingdom, a signatory nation.[1] This action was timely filed within the three-year period prescribed by 9 U.S.C. § 207. *See* Dkt. 1, Petition (filed January 2, 2026). Moreover, DeLorean has not raised a specific challenge to confirmation of the Award based on any of the limited defenses available to it under New York Convention. Nevertheless, each is discussed in turn below.

### A. None of the defenses available under the New York Convention apply here to prevent confirmation.

Article V of the New York Convention provides an exhaustive list of grounds upon which a court may refuse to recognize or enforce an arbitral award. These grounds are to be construed narrowly, and the burden of establishing any of them rests entirely on the party opposing confirmation. *See Karaha Bodas*, 364 F.3d at 287; *Kora Pack*, 684 F. Supp. 3d at 545. DeLorean has not raised any substantive challenge to the Award on the merits. Nor could it since none of the Article V defenses has any application here.

---

[1]   *Convention on the Recognition and Enforcement of Foreign Arbitral Awards*, UNCITRAL, https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2 (last visited May 18, 2026) (listing the United Kingdom as a contracting state).

18418948v2

**B.    Delorean's Venue Challenge Fails.**

Separately, DeLorean moved to dismiss or transfer this action for improper venue, asserting that the relevant events underlying the dispute between the parties took place in San Antonio, Texas, in the Western District of Texas. *See* Dkt. 7. Italdesign filed a Response to DeLorean's Motion, which included substantial evidence revealing DeLorean maintains no active business presence in San Antonio whatsoever. *See* Dkt. 10 at 4. Italdesign also offered evidence showing that DeLorean promoted its business dealings with Italdesign through its Humble, Texas headquarters. *See id*. at 3. Italdesign incorporates by reference its Response to Delorean's Motion, including the arguments and evidence cited therein. *See id.* In sum, venue is proper in the Southern District of Texas, and Delorean has failed to meet its initial burden to establish that venue is improper here.

DeLorean's alternative request for transfer under 28 U.S.C. § 1404(a) likewise fails. The moving party must show not merely that the alternative venue is more convenient, but that it is "clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008). Moreover, the movant "must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—*i.e.*, clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *In re Clarke*, 94 F.4th 502, 503 (5th Cir. 2024). As a threshold matter, DeLorean failed to identify a single witness or document located in the Western District. *See* Dkt. 7. Further, the undisputed record shows DeLorean maintains no business presence there. *See* Dkt. 10, Response at 4-5.  DeLorean therefore seeks transfer to a venue in which it maintains no business presence, and where no relevant documents or witnesses are located. DeLorean's venue challenge should be denied in its entirety.

18418948v2

### III.    Currency Conversion from Euros and British Pounds

Because the Award was denominated in Euros and British pounds, conversion to U.S. dollars is necessary for entry of a judgment enforceable in the United States.  Using exchange rates published by the Board of Governors of the Federal Reserve System in its H.10 Foreign Exchange Rates release dated May 18, 2026, the applicable conversion rates are $1.1627 per euro and $1.3332 per British pound.[2]  Applying those rates, the principal debt of €3,885,271.47 converts to approximately $4,517,405.14 USD; the legal costs of £291,873.60 convert to approximately $389,125.88 USD; and the disbursements of £4,732.27 convert to approximately $6,309.06 USD. The arbitration costs of $63,907.30 USD requires no conversion.  *See* Ex. 3, Decl. of E. Franco ¶ 6.

Accordingly, Italdesign requests that the Court enter final judgment against DeLorean in the total amount of the Award, inclusive of interest, costs, and disbursements as set forth above, converted to U.S. dollars as of the date of judgment.

<u>**CONCLUSION**</u>

For the foregoing reasons, Petitioner Italdesign Giugiaro S.p.A. respectfully requests that the Court:

a.    Confirm and domesticate the Final Award into a Final Judgment that is enforceable against DeLorean under the laws of Texas and the United States;

b.    Award damages to Italdesign and against DeLorean in the amount of $4,517,405.14, plus simple interest at 7% per annum from the 31st day after the date of each invoice until payment,

c.    Award legal costs to Italdesign in the amount of $389,125.88, arbitration costs in the amount of $63,907.30, and disbursements in the amount of $6,309.06, plus interest on these sums at 7% per annum compounded monthly until payment;

---

[2]    Bd. of Governors of the Fed. Reserve Sys., Foreign Exchange Rates – H.10 Weekly (May 18, 2026), https://www.federalreserve.gov/releases/h10/current/.

7

18418948v2

8

d.      Deny DeLorean's Motion to Dismiss for Improper Venue and Motion to Transfer; and

e.      Grant such other and further relief as the Court deems just and proper.

18418948v2